ANDERSON *v.* STATE EX REL. STAMM.

[No. 16,336.  Filed February 10, 1939.]

*Wilbur F. Pell,* and *Turner & Woodfill,* for appellant.

*Chauncey W. Duncan, John W. Goddard,* and *Fred V. Cramer,* for appellee.

CURTIS, C. J.—The appellee herein has entered a special appearance and moved the court to dismiss this appeal and among other things shows: That on the 3rd day of February, 1938, a final judgment was entered in said cause; that thereafter on the 2nd day of March, 1938, the appellant filed his motion for a new trial; that on the 25th day of July, 1938, said motion was over-ruled and the appellant prayed an appeal and was given ninety days within which to file his bill of exceptions; that the court fixed the appeal bond in the sum of $1,000.00, which was filed and approved on the 25th day of July, 1938; that thereafter on the 22nd day of October, 1938, the transcript was filed in the office of the Clerk of the Supreme and Appellate Court, which was eighty-nine days after the filing and approval of said appeal bond; that no extension of time for the filing of

said transcript was requested by or granted to the said appellant.

Rule 2 of Rules of the Supreme Court and this Court, (See Rules of the Supreme and Appellate, Courts adopted June 21, 1937), is as follows:

"Rule 2. If an appeal is taken in term time, but the transcript is not filed in the office of the clerk within the time limited, the appeal as of term shall be deemed to be abandoned; and the appeal shall be treated as a vacation appeal taken as of the time when the transcript is filed, and shall be governed as to notice and like matters by the rules and practice governing appeals not taken in term."

Under the rule quoted and the decisions, the appeal herein will be deemed to be abandoned as a term time appeal. See *Fraker* v. *Dugan* (1932), 95 Ind. App. 213, 183 N. E. 132.

Rule 31 of the said Rules provides that:

"Where a case not appealed in term has been on the docket for thirty days, and there is no appearance by the appellee, and no steps taken to bring him into court; or where a notice has been issued and proves ineffectual from any cause, and no steps are taken for thirty days after the issuance of such ineffectual notice to bring the appellee into court, the clerk shall enter an order dismissing the appeal."

The appellee further shows that this case has been on the docket of this court for more than 30 days and no appearance has been entered by the appellee and no steps have been taken to bring the appellee into court and that in fact no notice of any kind has been given to the appellee nor any attempt made to have notice issued or served upon her.

The appellee also shows that she served notice of the motion to dismiss this appeal upon the appellant on the 21st day of December, 1938. Since that time the appellant has filed nothing in opposition to the said motion.

The record, in so far as it speaks, entirely supports the showing of the appellee.

Upon the showing made by the appellee and upon the record, the appeal should be dismissed. It is so ordered.